[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUBSTITUTED MEMORANDUM OF DECISION
By a memorandum of decision issued on May 24, 1994, this court granted the plaintiffs' motion to strike the special defense filed by the defendant.
The parties have called the court's attention to the fact that the motion to strike was addressed not to the defendant's original pleading, dated March 4, 1994 but to an amended special defense dated March 31, 1994.
The original special defense stated that "[t]his cause of action is barred by the immunity granted the defendant pursuant to CT Page 6752 Connecticut General Statutes § 53a-119a."
The amended special defense is as follows:
 This cause of action is barred by the immunity granted the defendant as the actions of its employees are subject to the privilege afforded by Connecticut General Statutes § 53a-119a
as they had reasonable grounds to believe that the plaintiff was attempting to commit a larceny of goods at the time she was detained.
The later formulation of the special defense, read as a whole, appears to substitute a claim of privilege for the prior claim of immunity, and it contains an allegation — missing from the prior special defense — that the defendant's employer had reasonable grounds to believe that the plaintiff was attempting to commit a larceny at the time she was detained.
Practice Book Sec. 164 provides that facts which are consistent with the statements made in a plaintiff's complaint "but show, notwithstanding, that [the plaintiff] has no cause of action, must be specially alleged."
The text of § 53a-119a(a) C.G.S. sets forth the actions that a shopkeeper may, by law, take with regard to a suspected thief. It follows that a shopkeeper who takes only the steps authorized by § 53a-119a(a) C.G.S. is not liable to a plaintiff for having taken such action. The operation of § 53a-119a(a) would be such that the plaintiff would have no right of recovery if the trier of fact found that the defendant and its employees took only the actions authorized by § 53a-119a(a), or, alternatively, that she would have no right to recover for those actions permitted by statute.
The plaintiff points out that another section of § 53a-119a, specifically, subsection (c), provides for a rebuttable presumption as part of the allocation of the burden of proof applicable to civil suits brought by persons detained by shopkeepers. Such a provision is not properly raised as a special defense, in that it affects only the allocation of the burdens of persuasion, and does not operate to limit liability.
The defendant has failed to identify the subsection of § 53a-119a
C.G.S. on which it relies. Practice Book § 109A requires that "[w]hen any claim made in a . . . special defense . . . is grounded on CT Page 6753 a statute, the statute shall be specifically identified by its number."
Because the defendant has failed to identify the specific
statutory provision on which it relies, the court is unable to determine whether it is permissibly relying on § 53a-119a(a), or whether it is inappropriately invoking subsection (c), which does not contain provisions properly raised by a special defense.
Unfortunately, another judge of this court denied the plaintiff's request to revise the special defense to identify the specific provision of § 53a-119a which the defendant is invoking. Consequently, this court is unable to determine, for purposes of deciding this motion to strike, whether the defendant is relying on the portion of the cited statute that creates a limited privilege properly raised by a special defense.
Under the circumstances, rather than allow an unspecific pleading that potentially raises as a special defense a theory not so raiseable, this court hereby grants the motion to strike, without prejudice to the assertion of a special defense specifically relying only on the provisions of § 53a-119a(a) C.G.S.
Beverly J. Hodgson Judge of the Superior Court